UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON TAYLOR,

                        Petitioner,

v.

UNITED STATES OF AMERICA,

                        Respondent.
_____/

Criminal Case Number 08-20122
Civil Case Number 12-10536
Honorable David M. Lawson

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

This matter is before the Court on the petitioner's motion for relief from this Court's judgment denying his motion to vacate sentence under 28 U.S.C. § 2255. The petitioner's motion invokes Federal Rule of Civil Procedure 60(b)(6), under which the Court may grant relief from judgment for "any other reason that justifies relief." The petitioner asks that the Court "reconsider its position" in light of *Persaud v. United States*, 134 S. Ct. 1023 (2014), which the petitioner contends made "*Alleyne v. United States*, 133 S. Ct. 2151 (2013), [] retroactively applicable."

In its previous opinion denying the motion to vacate sentence, the Court addressed the petitioner's argument that *Alleyne* made "brandishing" an element of the petitioner's crime of conviction, and that the rule announced in *Alleyne* should be applied retroactively:

> The issue of brandishing as an element versus sentencing factor was thoroughly discussed during the first two plea hearings, and was settled by reference to the Sixth Circuit's decision in *United States v. Thompson*, 515 F.3d 556 (6th Cir. 2008). In that case, the Sixth Circuit reasoned:
>
>> Thompson's *Apprendi* argument is foreclosed by the Supreme Court's holding in *Harris v. United States*, 536 U.S. 545 (2002). In Harris, the Court held that subparagraphs (ii) and (iii) [of 18 U.S.C. § 924(c)] were sentencing factors that may be found by a preponderance of the evidence by a judge, rather than elements of the crime that must be found by a jury under the higher standard. *Id.* at 568.

> 515 F.3d at 564.  However, the Supreme Court has overruled *Harris* and has held that the "brandishing" feature is an element of the crime that must be proved beyond a reasonable doubt to trigger the seven-year mandatory minimum sentence for brandishing a firearm during a crime of violence.  *Alleyne v. United States*, 133 S. Ct. 2151, 2162 (2013) (holding that "because the fact of brandishing aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense that must be found by the jury, regardless of what sentence the defendant might have received if a different range had been applicable").
>
> The petitioner did not raise this argument on direct appeal.  Nor has any appellate court held that *Alleyne*'s ruling is retroactively applicable to convictions, such as the petitioner's, that had become final when the new rule was announced.  *See Teague v. Lane*, 489 U.S. 288, 310 (1989).  Moreover, the "brandishing" element was established at the petitioner's guilty plea hearing by his admission that he displayed the firearm to the victims during the carjackings.  (The following exchange took place during the third plea hearing: "THE COURT: At the time that you robbed this individual, you did have a firearm, is that correct?  DEFENDANT: Yes.  THE COURT: And did you brandish it; that is, show it to her[?]  DEFENDANT: Yes.  THE COURT: Was she able to see it?  DEFENDANT: Yes.  THE COURT: Did you threaten her, her safety?  DEFENDANT: Yes.").  The parties agreed at the hearing that the factual basis for Count Two (use and carrying of a firearm during and in relation to a crime of violence) was satisfied by the plea colloquy on this count.

Op & Order [dkt. #68] at 9-10.  On June 24, 2014, after this Court denied the motion to vacate sentence — and five months after *Persaud* was decided — the Sixth Circuit affirmed the view that no decision of the Supreme Court has given retroactive application to *Alleyne*:

> Anthony Mazzio, a federal prisoner serving two concurrent 240-month prison sentences for drug distribution, seeks our authorization to file a second or successive petition under 28 U.S.C. § 2255.  Mazzio relies on the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), claiming that he is entitled to relief because the factual basis on which his mandatory-minimum, twenty-year sentence was imposed was not found by a jury.  *See id.* at 2158 (Thomas, J., plurality opinion) ("Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt.").  However, in order to secure review of the substantive claim, "[a] second or successive motion must . . . contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2) (emphasis added).  Because *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court, we DENY the motion for authorization to file a second or successive § 2255 petition.

*In re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014); *accord Mason v. Thomas*, No. 14-2552, 2014 WL 7180801, at *4 (D.S.C. Dec. 16, 2014) ("*Persaud* [is distinguishable because the petitioner] relied on the decision of the Fourth Circuit in *United States v. Simmons*, 649 F.3d 237 (4th Cir.2011), in making this argument, which *has* been made retroactive on collateral review.").

Moreover, as the Sixth Circuit noted in the course of denying the petitioner's direct appeal of his conviction and sentence, during the plea colloquy, "Taylor, without any apparent hesitation or equivocation, affirmatively stated that he brandished a weapon during one of the carjackings and admitted that the victim saw the gun." *United States v. Taylor*, 627 F.3d 1012, 1019 (6th Cir. 2010). Any error related to the omission of a "brandishing" element in the formal charges therefore was harmless, because the factual basis of that element unquestionably was established by the petitioner's admissions during the plea hearing. *See United States v. King*, 272 F.3d 366, 378 (6th Cir. 2001) ("[D]efendant was unable to show that the omission of drug quantity information from his indictment affected his substantial rights where he had signed a plea agreement in which he had admitted to a quantity of drugs."); *United States v. Duarte*, 246 F.3d 56, 62-64 (1st Cir.2001) (holding that defendant's substantial rights were not affected by an indictment which lacked any reference to a specific quantity of drugs, where defendant admitted to a quantity of drugs in a plea agreement); *United States v. Pease*, 240 F.3d 938, 943-44 (11th Cir.2001) (same).

Accordingly, it is **ORDERED** that the petitioner's motion for relief from judgment [dkt. #82] is **DENIED**.

                                                  s/David M. Lawson  
                                                  DAVID M. LAWSON  
                                                  United States District Judge

Dated:   January 7, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 7, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI